UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Rashard Singleton, | ) C/A No. 4:11-CV-923-RBH-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Horry County (SC), | ) |
| Defendant. | ) |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule (D.S.C. Civ. R). 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

Plaintiff submitted a virtually blank, unsigned Complaint to open this case. (ECF No. 1). He was given the opportunity to provide factual allegations and place them on a court-approved complaint form and to provide service documents and other items to bring the case into proper form. (ECF No. 11). The complaint form that he sent in as his Response to the initial Order contains only a few more allegations. His "statement of claim" reads in total: "In this claim of intrement [sic], of overlapping court dates between Horry County an Clayton County. limited time to make court." His request for "relief" reads in total: "I would like the Court to provide me with reprobation in the sum of 1,000,000. Do to mental damage of the court program." (ECF No. 1, attachment # 2).

Based on a separate document (ECF No. 1, attachment # 3), the undersigned concludes that Plaintiff's use of "intrement" in his Complaint was meant as "entrapment." The same separate

document expands on Plaintiff's Complaint allegations in that it states that Plaintiff's claim of entrapment against Horry County is based on the fact that a court date that Plaintiff needed to attend was set in some undisclosed court in Horry County on the day before Plaintiff had to appear for a different court date in a different, undisclosed court in Clayton County, Georgia. Plaintiff claims that he was "discriminated against and mistreated" when his request that the Horry County court date be rescheduled was denied. Apparently, this denial of his request for rescheduling is what Plaintiff claims caused his "mental damage." Plaintiff does not provide the name of the court in Horry County where the subject court date was held, nor does he provide any information about the nature of the case in which he was involved.

## Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are

assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Analysis

This case should be summarily dismissed without service on Defendant Horry County because Plaintiff's allegations fail to state any type of claim on which the County can be held liable. Plaintiff claims that some undisclosed, unnamed employee or official of some undisclosed, unnamed court in Horry County, South Carolina "discriminated" against and "entrapped" him when his request for a different court date was denied. He has not named the proper defendant for his claim because Horry County cannot be held responsible for actions taken by the Magistrate's Court for Horry County, the Court of Common Pleas, or the Court of General Sessions (Circuit Court) for Horry County. In South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; S.C. Const., Art. V, § 1; *State ex rel. McLeod v. Civil and Crim. Ct. of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).

Under the current version of Article V, Section 1, the Supreme Court of South Carolina, not Horry County, retains the *sole* authority to supervise magistrates' courts in Horry County, municipal courts in Horry County, and the Circuit Court for Horry County. *See Spartanburg County Dept. of Soc. Servs. v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875-876 (1988). By virtue of Article V, the County of Horry does not exercise administrative or supervisory authority over municipal courts,

magistrates' courts, or courts of the State of South Carolina located within the geographical boundaries of Horry County. Consequently, Horry County should be dismissed from this civil action because it was not responsible for the alleged discrimination against Plaintiff during the relevant times at issue in this case.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25. Plaintiff's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III

Thomas E. Rogers, III
United States Magistrate Judge

July 14, 2011
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).